United States Bankruptcy Court
Eastern District of Pennsylvania

In re:                                                                  Case No. 12-11476-ref
Dale Keith Stokes                                                       Chapter 13
Julia Marie Stokes
        Debtors

# CERTIFICATE OF NOTICE

District/off: 0313-4           User: admin             Page 1 of 2              Date Rcvd: Aug 19, 2016
                               Form ID: 3180W          Total Noticed: 20

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Aug 21, 2016.
db/jdb         +Dale Keith Stokes,   Julia Marie Stokes,   417 Golden Drive,   Blandon, PA 19510-9654
smg            +Bureau of Audit and Enforcement,   City of Allentown,   435 Hamilton Street,
                 Allentown, PA 18101-1603
smg             City Treasurer,   Eighth and Washington Streets,   Reading, PA  19601
smg            +Lehigh County Tax Claim Bureau,   17 South Seventh Street,   Allentown, PA 18101-2401
smg            +Tax Claim Bureau,   633 Court Street,   Second Floor,   Reading, PA 19601-4300
13524325       #+Carrington Mortgage Services,   1610 E St. Andrew Place #B150,   Santa Ana, CA 92705-4931
13552165       +Carrington Mortgage Services, LLC,   Bankruptcy Department,   1600 South Douglass Road,
                 Anaheim, CA 92806-5948
12675639       +Discovery Federal Cr U,   2744 Century Blvd,   Wyomissing, PA 19610-3345
12675655       +National Penn Bank,   236 Brodhead Road,   Bethlehem PA 18017-8937
12711153       +PNC BANK,   PO BOX 94982,   CLEVELAND, OH 44101-4982

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
smg            +E-mail/Text: robertsl2@dnb.com Aug 20 2016 01:34:01    Dun & Bradstreet, INC,
                 3501 Corporate Pkwy,   P.O. Box 520,   Centre Valley, PA 18034-0520
smg             E-mail/Text: RVSVCBICNOTICE1@state.pa.us Aug 20 2016 01:33:26
                 Pennsylvania Department of Revenue,   Bankruptcy Division,   P.O. Box 280946,
                 Harrisburg, PA  17128-0946
smg            +E-mail/Text: usapae.bankruptcynotices@usdoj.gov Aug 20 2016 01:34:09    U.S. Attorney Office,
                 c/o Virginia Powel, Esq.,   Room 1250,   615 Chestnut Street,   Philadelphia, PA 19106-4404
12730501        EDI: BECKLEE.COM Aug 20 2016 01:18:00    American Express Centurion Bank,
                 c o Becket and Lee LLP,   POB 3001,   Malvern, PA 19355-0701
12815971        EDI: BL-BECKET.COM Aug 20 2016 01:19:00    Capital One, N.A.,   c o Becket and Lee LLP,
                 POB 3001,   Malvern, PA 19355-0701
12681528       +EDI: CITICORP.COM Aug 20 2016 01:18:00    Citibank N.A.,   c/o Citibank (South Dakota), N.A.,
                 ATTN: Claims Dept. MC 2135,   701 E 60th Street North,   Sioux Falls, SD 57104-0432
12687083        EDI: DISCOVER.COM Aug 20 2016 01:18:00    Discover Bank,   DB Servicing Corporation,
                 PO Box 3025,   New Albany, OH  43054-3025
12921671       +E-mail/Text: DSLBKYPRO@discover.com Aug 20 2016 01:34:08    Discover Student Loans,
                 PO Box 30925,   Salt Lake City, UT 84130-0925
12708993       +EDI: OPHSUBSID.COM Aug 20 2016 01:18:00     OAK HARBOR CAPITAL IV, LLC,
                 C O WEINSTEIN AND RILEY, PS,   2001 WESTERN AVENUE, STE 400,   SEATTLE, WA 98121-3132
12731161        EDI: PRA.COM Aug 20 2016 01:18:00    Portfolio Recovery Associates, LLC,   POB 41067,
                 Norfolk VA 23541
                                                                                              TOTAL: 10

            ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
12730502*       American Express Centurion Bank,   c o Becket and Lee LLP,   POB 3001,   Malvern, PA 19355-0701
12924640*      +Discover Student Loans,   PO Box 30925,   Salt Lake City, UT 84130-0925
12924661*      +Discover Student Loans,   PO Box 30925,   Salt Lake City, UT 84130-0925
                                                                                        TOTALS: 0, * 3, ## 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

Addresses marked '#' were identified by the USPS National Change of Address system as requiring an update.
While the notice was still deliverable, the notice recipient was advised to update its address with the court
immediately.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Aug 21, 2016                              Signature:  /s/Joseph Speetjens

---

# CM/ECF NOTICE OF ELECTRONIC FILING

```
District/off: 0313-4          User: admin              Page 2 of 2                  Date Rcvd: Aug 19, 2016
                              Form ID: 3180W           Total Noticed: 20
```

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on August 18, 2016 at the address(es) listed below:

```
              ANN E. SWARTZ    on behalf of Creditor    Bank Of America, N.A., as Servicer ecfmail@mwc-law.com,
               ecfmail@mwc-law.com
              DAVID W. TIDD    on behalf of Joint Debtor Julia Marie Stokes bankruptcy@davidtiddlaw.com
              DAVID W. TIDD    on behalf of Debtor Dale Keith Stokes bankruptcy@davidtiddlaw.com
              FREDERICK L. REIGLE    ecfmail@fredreiglech13.com,  ecf_frpa@trustee13.com
              JEFFREY T GROSSMAN    on behalf of Creditor    Bank of America, N.A. jgrossman@grossmanfirm.com,
               jottinger@grossmanfirm.com;jschwartz@grossmanfirm.com
              JOSHUA ISAAC GOLDMAN    on behalf of Creditor    Bank of America, N.A., et al
               bkgroup@kmllawgroup.com,  bkgroup@kmllawgroup.com
              LEEANE O. HUGGINS    on behalf of Creditor    Carrington Mortgage Services pabk@logs.com
              LISA MARIE CIOTTI    on behalf of Trustee FREDERICK L. REIGLE ecfmail@fredreiglech13.com,
               ecf_frpa@trustee13.com
              THOMAS A. LEE, III    on behalf of Creditor    Capital One NA notices@becket-lee.com
              United States Trustee    USTPRegion03.PH.ECF@usdoj.gov
                                                                                             TOTAL: 10
```

| Information to identify the case: | | |
|---|---|---|
| Debtor 1 | **Dale Keith Stokes** | Social Security number or ITIN   **xxx–xx–2439** |
| | First Name   Middle Name   Last Name | EIN   _ _–_ _ _ _ _ _ _ |
| Debtor 2 (Spouse, if filing) | **Julia Marie Stokes** | Social Security number or ITIN   **xxx–xx–6507** |
| | First Name   Middle Name   Last Name | EIN   _ _–_ _ _ _ _ _ _ |
| United States Bankruptcy Court   **Eastern District of Pennsylvania** | | |
| Case number:   **12–11476–ref** | | |

# Order of Discharge                                                                                              12/15

**IT IS ORDERED:** A discharge under 11 U.S.C. § 1328(a) is granted to:

Dale Keith Stokes                                                         Julia Marie Stokes
aka Dale K. Stokes, aka Dale Stokes                      aka Julia M. Stokes, aka Julia Stokes

8/18/16                                                                           **By the court:**     Richard E. Fehling
                                                                                                                        United States Bankruptcy Judge

**Explanation of Bankruptcy Discharge in a Chapter 13 Case**

This order does not close or dismiss the case.

**Creditors cannot collect discharged debts**

This order means that no one may make any attempt to collect a discharged debt from the debtors personally. For example, creditors cannot sue, garnish wages, assert a deficiency, or otherwise try to collect from the debtors personally on discharged debts. Creditors cannot contact the debtors by mail, phone, or otherwise in any attempt to collect the debt personally. Creditors who violate this order can be required to pay debtors damages and attorney's fees.

However, a creditor with a lien may enforce a claim against the debtors' property subject to that lien unless the lien was avoided or eliminated. For example, a creditor may have the right to foreclose a home mortgage or repossess an automobile.

This order does not prevent debtors from paying any debt voluntarily. 11 U.S.C. § 524(f).

**Most debts are discharged**

Most debts are covered by the discharge, but not all. Generally, a discharge removes the debtors' personal liability for debts provided for by the chapter 13 plan.

In a case involving community property: Special rules protect certain community property owned by the debtor's spouse, even if that spouse did not file a bankruptcy case.

**Some debts are not discharged**

Examples of debts that are not discharged are:

- ♦ debts that are domestic support obligations;

- ♦ debts for most student loans;

- ♦ debts for certain types of taxes specified in 11 U.S.C. §§ 507(a)(8)( C), 523(a)(1)(B), or 523(a)(1)(C) to the extent not paid in full under the plan;

**For more information, see page 2**

- debts that the bankruptcy court has decided or will decide are not discharged in this bankruptcy case;

- debts for most fines, penalties, forfeitures, or criminal restitution obligations;

- some debts which the debtors did not properly list;

- debts provided for under 11 U.S.C. § 1322(b)(5) and on which the last payment or other transfer is due after the date on which the final payment under the plan was due;

- debts for certain consumer purchases made after the bankruptcy case was filed if obtaining the trustee's prior approval of incurring the debt was practicable but was not obtained;

- debts for restitution, or damages, awarded in a civil action against the debtor as a result of malicious or willful injury by the debtor that caused personal injury to an individual or the death of an individual; and

- debts for death or personal injury caused by operating a vehicle while intoxicated.

In addition, this discharge does not stop creditors from collecting from anyone else who is also liable on the debt, such as an insurance company or a person who cosigned or guaranteed a loan.

**This information is only a general summary of a chapter 13 discharge; some exceptions exist. Because the law is complicated, you should consult an attorney to determine the exact effect of the discharge in this case.**